Marvin V. CARMICAL and Margaret E. CARMICAL
*v.* CITY OF BEEBE, et al.

89-308                                                    789 S.W.2d 453

Supreme Court of Arkansas
Opinion delivered May 29, 1990

*Paul D. Groce*, for appellants.

*Mills and Patterson*, by: *John Patterson;* and *Boyett, Morgan & Millar*, by: *Comer B. Boyett, Jr.,* for appellee.

JACK HOLT, JR., Chief Justice. This is an action challenging the granting by the trial court of the appellee's motion to dismiss. We find that the order appealed from is not final and dismiss the appeal.

On September 22, 1988, the appellants, Marvin and Margaret Carmical, filed suit against the appellees, City of Beebe, Arkansas; Philip Petray, Mayor of the City of Beebe; Roy E. Simmons, former Mayor of the City of Beebe, individually and in his former official capacity; and Jessie R. Lay, individually and in his former capacity as Code Enforcement Officer of the City of Beebe, for damages arising out of the City's rescission of a building permit issued to the Carmicals. An affirmative defense

of res judicata was raised by all of the appellees in their answers. The appellees also claimed monetary damages on the basis of extreme mental anguish, emotional suffering, and harassment due to the wilfull, wanton, malicious, and intentional conduct of the Carmicals in filing a frivolous lawsuit, as well as sanctions under Ark. R. Civ. P. 11.

In an order filed January 23, 1989, the trial court granted the appellees' motion to dismiss but made no mention of the appellees' claims for damages against the Carmicals and deferred action on the parties' claims for sanctions. The attorney for the Carmicals conceded in oral argument that the appellees had made "counterclaims" that were not denied by the trial court.

In order to be final and appealable under Ark. R. App. P. 2 and Ark. R. Civ. P. 54(b), a trial court's order must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Mueller* v. *Killam*, 295 Ark. 270, 748 S.W.2d 141 (1988).

Rule 54(b) provides as follows:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The trial court's order simply granted the appellees' motion to dismiss. Therefore, under Rule 54(b), the order does not terminate the action because 1) counterclaims are still pending, and 2) the court did not direct the entry of a final

judgment as to fewer than all the claims upon an express determination that there was no just reason for delay and upon express direction for the entry of judgment.

We will not reach the merits of an appeal if the order appealed from is not final. *Wilburn* v. *Keenan Cos.*, 297 Ark. 74, 759 S.W.2d 554 (1988) (citing *Kilgore* v. *Viner*, 293 Ark. 187, 736 S.W.2d 1 (1987)).

Appeal dismissed.