Marvin V. CARMICAL and Margaret E. Carmical *v.*
CITY OF BEEBE, Arkansas; Roy E. Simmons, Former Mayor
of the City of Beebe, Individually and in his Former Official
Capacity; Jessie R. Lay, Individually and in his
Former Official Capacity as Code Enforcement Officer of the
City of Beebe, Arkansas; Robert W. Herman; Orval Devore;
Mary Jane Chudomelka; Eugene McQueen; Bobby Burns,
Individually and in their Official Capacity as Members and
Former Members of the Beebe Planning Commission and
Board of Adjustment

93-989                                        871 S.W.2d 386

Supreme Court of Arkansas
Opinion delivered March 7, 1994
[Rehearing denied April 18, 1994.*]

*Corbin, J., not participating.

*Rhonda K. Slayden, P.A.*, for appellants.

*Richard B. Berry*, for appellees.

STEELE HAYS, Justice. Appellants, Margaret and Marvin Carmical, challenge actions of the White County Circuit Court in dismissing their complaint based on grounds of res judicata and statute of limitations. This is the second time they have appealed to this court, therefore we have jurisdiction pursuant to Rule 1-2(a)(11). We dismissed the first appeal because counter-claims were still pending in the trial court and there was not an appealable order pursuant to ARCP Rule 54(b). *Carmical* v. *City of Beebe*, 302 Ark. 339, 789 S.W.2d 453 (1990). We do not reach the merits of this appeal because the abstract does not contain all the information necessary to our resolution of the issues presented. Accordingly, we affirm pursuant to Ark. Sup. Ct. R. 4-2(6).

Rule 4-2(6) requires that the abstract be included as part of the brief and contain only the information in the transcript that is "necessary to an understanding of all questions presented to the Court for decision." We have said that as long as we can determine from a reading of the briefs and appendices material parts necessary for an understanding of the questions at issue, we will render a decision on the merits. *Montgomery* v. *Butler*, 309 Ark. 491, 834 S.W.2d 148 (1992). However, the briefs and abstract do not afford such an understanding.

Appellants are a mother and son who applied for and were granted a building permit by appellees, various Beebe city officials. Apparently, in reliance on the building permit, appellants contracted for the construction of a building. Thereafter, appellees issued an order requiring appellants to cease the construction of the building.

Appellants filed suit in federal district court alleging violations of 42 U.S.C. § 1983 as well as other state law violations. The abstract does not tell us what specific state law violations were alleged. The federal district court granted summary judgment for appellees. However, the abstract does not indicate the particular claims that were included in the summary judgment or whether the summary judgment was with or without prejudice. The Eighth Circuit Court of Appeals affirmed the summary judgment and then denied requests for rehearing.

Appellants then filed suit in White County Circuit Court. The abstract tells us only that appellants "alleg[ed] tort and contract causes of action." The circuit court ruled the case should be dismissed due to res judicata. We dismissed the appeal of that ruling because appellees' counterclaims for mental anguish were still pending. *Carmical*, 302 Ark. 339, 789 S.W.2d 453.

Upon appellants' request, the White County Circuit Court reconsidered its dismissal and set it aside. Appellants amended their complaint, adding additional parties and additional claims. The abstract of the amended complaint does not specify the additional claims; it merely states that constitutional and civil rights violations were alleged in addition to the tort and contract violations. The circuit court then ruled that res judicata did apply to the action because of the federal court decisions, that the complaint should be dismissed because the limitations period had expired, and granted summary judgment to one of the defendants. The abstract does not reveal on what basis the partial summary judgment was entered or whether it was with or without prejudice. The trial court entered two more orders, one dismissing another defendant, and the other dismissing without prejudice the defendants' counterclaims. This appeal followed.

The two questions presented for our decision in this appeal are whether a federal court judgment operates as res judicata to

bar a state court action and whether a complaint filed in state court can relate back to a complaint filed in federal court so as to toll the statute of limitations. The abstract does not contain sufficient information for us to decide either question.

Under the doctrine of res judicata or claim preclusion, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim or cause of action. *Robinson* v. *Buie,* 307 Ark. 112, 817 S.W.2d 431 (1991). This court has stated that "the test in determining whether res judicata applies is whether the matters presented in a subsequent suit were necessarily within the issues of the former suit and might have been litigated therein." *American Standard, Inc.* v. *Miller Eng'g, Inc.*, 299 Ark. 347, 351, 772 S.W.2d 344, 346 (1989). The claim preclusion aspect of the doctrine bars relitigation in a subsequent suit when: (1) the first suit resulted in a judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or a cause of action which was litigated or could have been litigated but was not; and (5) both suits involve the same parties or their privies. *Ward* v. *Davis*, 298 Ark. 48, 765 S.W.2d 5 (1989).

Before we can determine if res judicata applies to the present case, we must be able to determine the specific claims that were presented in both the federal court action and the state court action. *Ward*, 298 Ark. 48, 765 S.W.2d 5. The abstract of the complaint filed in federal district court states only that "The appellants alleged a 42 U.S.C. Section 1983 action as well as state law claims." The abstract of the order granting summary judgment does not offer any clarification; it merely states that summary judgment was entered on appellees' motion and that "The Court dismissed the federal as well as the pendent state claims." The abstract of the complaints filed in circuit court states only that tort and contract causes of action were alleged in addition to constitutional and civil rights violations. The abstract of the circuit court's orders does not supply the missing information. The identification of the specific claims that were raised in both suits is necessary to an understanding of the res judicata issue. Therefore, appellants' abstract is flagrantly deficient on this point.

As for the second question presented for our decision, the relation back of the state court complaint to the federal court complaint, appellants' abstract is also deficient. According to ARCP Rule 15(c) and *Bridgman* v. *Drilling*, 218 Ark. 772, 238 S.W.2d 645 (1951), the primary authorities on which appellants rely, we must have the following information to decide the relation back question and it does not appear in the abstract: the specific claims raised in both complaints; the facts sufficient to determine whether the two cases arose out of the same conduct, transaction or occurrence; and whether all parties received notice of the subsequent complaint. Therefore, even assuming, without deciding, that ARCP Rule 15(c) applies to two separate complaints filed in federal court and state court, the abstract is flagrantly deficient and we cannot reach the merits of this point.

In summary, the transcript of this case is 1419 pages. Appellants' abstract is four and one-half pages. The notice of appeal is completely omitted from the abstract. The entire abstract, including the pleadings, is written in narrative form and contains only the barest terms. Previously, we have held such an abstract to be flagrantly deficient. *D.J.* v. *State*, 308 Ark. 37, 821 S.W.2d 7 (1992). While nearly all the required pleadings and orders are noted in the abstract, their essential components are missing, rendering a decision on the merits impossible. This court has held that "When an abstract's deficiencies are so flagrant that a decision is well nigh impossible, we will affirm." *Haynes* v. *State*, 313 Ark. 407, 409, 855 S.W.2d 313, 315 (1993).

For the reasons stated, the abstract in the present case renders a decision on the merits impossible and the case must be affirmed for failure to comply with Rule 4-2(6).

CORBIN, J., not participating.