D. HAWKINS, INC. *v.* Lance SCHUMACHER and
Evelyn Schumacher, His Wife

94-773                                                    909 S.W.2d 640

Supreme Court of Arkansas
Opinion delivered November 13, 1995

*Wood Law Firm*, by: *M. Douglas Wood*, for appellant.

No response.

DONALD L. CORBIN, Justice. Appellant, D. Hawkins, Incorporated, appeals the amended order of the Pulaski County Circuit Court, entered March 22, 1994, ordering it, as a resident of this state and judgment debtor, to comply with Arkansas Code Annotated § 16-66-221 (Supp. 1993) by filing a properly verified schedule of property with the circuit court. Jurisdiction of this appeal is properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(3) and (d)(1).

Appellant raises three arguments for reversal: first, that a corporation is not a "resident" within the meaning of section 16-66-221, second, that section 16-66-221 is a penal statute that must be strictly construed, and, third, that the interrogatories of appellees, Lance and Evelyn Schumacher, are overly broad and request confidential information. Pursuant to Ark. Sup. Ct. R. 4-2(a)(6), we hold that appellant's abstract in this one-brief case is flagrantly deficient and we summarily affirm the trial court's judgment for noncompliance with the rule. Ark. Sup. Ct. R. 4-2(b)(2).

Appellant's complete abstract consists of a recitation of section 16-66-221, in its entirety, together with the following three paragraphs, which we quote from the abstract:

> A. "The Court finds that, although the Defendant is a corporation, the provisions of A.C.A. § 16-66-221 are applicable against a domestic corporation. Therefore, the Defendant is ordered to comply with A.C.A. § 16-66-221 by filing a schedule of property verified by affidavit with the Court within fifteen (15) days of entry of this order." (Amended Order dated March 22, 1994 — page 164.)

B. "The Court finds that there is no privilege of confidentiality existing between the Defendant and its clients protecting the confidentiality of financial records of persons not a party to this litigation and therefore orders the Defendant to make available all buyers and sellers settlement statements for property closings conducted by the Defendant, D. Hawkins, Inc., for a period of one year prior to the judgment date, of October 20, 1993 for inspection and/or copying by the Plaintiff at the office of the Defendant during normal business hours." (Amended Order dated March 22, 1994 — page 165).

C. A transcript of hearing conducted on the 18th day of February, 1994 (pages 181 through 190).

■■ Our rules require that the abstract contain only the information in the transcript that is "necessary to an understanding of all questions presented to the Court for decision." *Carmical* v. *City of Beebe*, 316 Ark. 208, 209, 871 S.W.2d 386, 387 (1994) (quoting Rule 4-2(a)(6)). A summary of the pleadings and judgment appealed are the bare essentials of an abstract. *Bohannon* v. *Arkansas State Bd. of Nursing*, 320 Ark. 169, 895 S.W.2d 923 (1995). Appellant has failed to provide this essential information. Nor can we determine from a reading of the brief, which basically abridges a transcript of 191 pages into two paragraphs, the material parts of the transcript necessary for an understanding of the questions presented. *Carmical*, 316 Ark. 208, 871 S.W.2d 386. On this record, we cannot discern whether appellant preserved its arguments for review by first raising them before the trial court, *see McAdams* v. *Automotive Rentals, Inc.*, 319 Ark. 254, 891 S.W.2d 52 (1995), and we cannot locate the factors that led to the trial court's judgment. *Sturch* v. *Sturch*, 316 Ark. 53, 870 S.W.2d 720 (1994). In summary, the abstract does not contain all the information necessary to our resolution of the issues presented. *Carmical*, 316 Ark. 208, 871 S.W.2d 386.

The trial court's judgment is affirmed.