Marvin Bernard LEFLORE *v.* STATE of Arkansas

CA CR 02-157 87 S.W.3d 839

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered October 30, 2002

*Marc I. Baretz*, for appellant.

*Mark Pryor*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellee.

ERRY CRABTREE, Judge. This case involves the revocation of a suspended sentence. On May 1, 1996, the appellant, Marvin Bernard Leflore, was convicted of the sale or delivery of cocaine and received a twenty-year suspended sentence. The State filed a petition to revoke the suspended sentence on September 12, 2001. After a hearing, the Crittenden County Circuit Court revoked appellant's suspended sentence for being a felon in possession of firearms. On appeal, appellant challenges the sufficiency of the evidence supporting his revocation. We reverse and dismiss.

In revocation proceedings, the burden is on the State to prove by a preponderance of the evidence that the defendant inexcusably failed to comply with a condition of his suspension. *Cavin v. State*, 11 Ark. App. 294, 669 S.W.2d 508 (1984). It is unlawful for a convicted felon to possess or own a firearm, subject to limited exceptions. Ark. Code Ann. § 5-73-103(a)(1) (Repl. 1997). Where the sufficiency of the evidence is challenged on appeal from an order of revocation, we will not reverse the trial court's decision unless its findings are clearly against the preponderance of the evidence. *Jones v. State*, 52 Ark. App. 179, 916 S.W.2d 766 (1996). In making our review, we defer to the superior position of the trial court to determine questions of credibility and the weight to be given to the evidence. *Id.* Because the State's burden in revocation proceedings is only a preponderance of the evidence, evidence that is insufficient to support a criminal conviction may be sufficient to revoke a suspended sentence. *Lamb v. State*, 74 Ark. App. 245, 45 S.W.3d 869 (2001).

On August 2, 2001, pursuant to a search warrant, the West Memphis Police raided appellant's mother's apartment while he was visiting her. Appellant's father had died a year and a half earlier, but his personal effects were still in the residence. The police found appellant and another man in a hallway near the door of the southwest bedroom where three firearms were located. Appellant's mother and two children were found in the living room. In the southwest bedroom, police discovered a .44 caliber handgun

between the bed's mattress and box springs. Also in that bedroom, officers found two more handguns, a .25 Colt semi-automatic and a snub-nosed .38 caliber, inside a jacket hanging in the closet. In the southeast bedroom, across the hallway, police discovered ammunition for the .44 caliber handgun and mail addressed to appellant at his mother's address. The mail addressed to appellant included a document dated July 31, 2001. Additionally, mail addressed to appellant dated February 2000 was found on the coffee table in the living room.

■ ■ Appellant concedes that he is a convicted felon. However, he claims that the State presented insufficient evidence to prove that he possessed the firearms discovered in his mother's home. Constructive possession occurs when the accused maintains control or a right to control contraband. *Blair v. State*, 16 Ark. App. 1, 696 S.W.2d 755 (1985). Possession may be imputed when the contraband is found in a place which is immediately and exclusively accessible to the accused and subject to his dominion and control, or to the joint dominion and control of the accused and another. *Id.* However, joint occupancy standing alone, is insufficient to establish possession or joint possession. *Miles v. State*, 76 Ark. App. 255, 64 S.W.3d 759 (2001). In order to show possession in a case of joint occupancy, the State must show care, control, and management of the contraband. *See Bradley v. State*, 347 Ark. 518, 65 S.W.3d 874 (2002).

Appellant's mother testified that the firearms belonged to her deceased husband. She acknowledged that she kept one under the mattress and the others in her husband's coat in the closet. She stated that her husband's clothing was much too small to fit appellant. Appellant testified that he did not reside with his mother on Broadway Street, but rather with his cousin on Maple Street. Appellant's cousin testified that appellant had lived with him since appellant's release from prison.

Detective Charlie Dabbs testified that when he entered the residence pursuant to the search warrant he, "observed [appellant] and another black male coming out of the southeast bedroom." Officer Michelle Forthman testified that when she entered the home, she saw that Detective Dabbs had "[appellant]

laying [sic] in the floor in the hallway." The State did not present evidence that the police found appellant in the southwest bedroom with the three firearms.

In the southeast bedroom, the police discovered ammunition for a .44 caliber handgun in a drawer along with mail addressed to appellant at Broadway Street. Officer Forthman testified that the drawer containing the ammunition was a "junk drawer" where "people just put a bunch of stuff." This was the only connection between appellant and the ammunition. Also in the southeast bedroom, the police discovered a pair of shorts with a small amount of marijuana in them. Appellant was not charged in connection with the marijuana.

■ Again, in order to show possession in a case of joint occupancy, the State must show care, control, and management of the contraband. See Bradley, supra. In this instance, the State failed to show that appellant either knowingly or constructively possessed any of the firearms. In the absence of any evidence connecting appellant to the room containing the firearms, we are constrained to hold that the trial court's decision to revoke appellant's suspended sentence was clearly against the preponderance of the evidence.

Reversed and dismissed.

GRIFFEN, VAUGHT, and ROAF, JJ., agree.

PITTMAN and JENNINGS, dissent.

JOHN E. JENNINGS, Judge, dissenting. While the evidence in this case is circumstantial, I cannot agree that the trial court's decision was clearly against a preponderance of the evidence.

There was evidence that Mr. Leflore resided in the house. Officer Forthman testified that when they first saw Leflore, he was heading into the southwest bedroom where the pistols were located. Men's clothes were in the closet of that bedroom. Shells for the .44 caliber pistol were found in a drawer together with mail addressed to Mr. Leflore.

It is true that appellant's mother testified that all of the pistols and the clothes in the southwest bedroom belonged to her deceased husband, but the trial court was not required to believe this testimony. The credibility of the witnesses is a matter for the trial court to determine. *See Strom v. State*, 348 Ark. 610, 74 S.W.3d 233 (2002).

I would affirm the decision of the trial court.

PITTMAN, J., joins.