2010 Ark. App. 591
**Danny Joe DOOLY, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 09–1007.**

Court of Appeals of Arkansas.

Sept. 15, 2010.

---

Charles E. Smith, Fort Smith, AR, for appellant.

Dustin McDaniel, Atty. Gen., Rachel M. Hurst, Asst. Atty. Gen., Little Rock, AR, for appellee.

JOHN B. ROBBINS, Judge.

On November 15, 2000, appellant Danny Joe Dooly pleaded guilty to two counts of possession of methamphetamine with intent to deliver, and conspiracy to manufacture methamphetamine. For each offense, he was sentenced to twelve years in prison followed by a fifteen-year suspended imposition of sentence. Mr. Dooly was paroled from prison, and on April 12, 2006, he pleaded guilty to possession of methamphetamine. For that offense, Mr. Dooly was sentenced to two years in prison followed by an eight-year suspended imposition of sentence. A condition of appellant's suspended sentences provided that

he shall not violate any federal, state, or municipal law.

The State filed a petition to revoke Mr. Dooly's suspended sentences on May 12, 2009. In the petition, the State alleged that on April 21, 2009, Mr. Dooly committed the offenses of aggravated assault, second-degree battery, and possession of drug paraphernalia. After a hearing, the trial court found that Mr. Dooly violated the terms of his release and revoked his suspended sentences. Upon revocation, the trial court entered a judgment and amended judgment, wherein Mr. Dooly was sentenced to concurrent twenty-eight-year prison terms for the two counts of possession of methamphetamine with intent to deliver and one count of conspiracy to manufacture methamphetamine. This twenty-eight-year term was ordered to run consecutively with an eight-year term for possession of methamphetamine, for an aggregate prison term ·of thirty-six years. In order to correct a clerical error, the trial court entered a second amended judgment that was identical to the amended judgment, with the exception that the prison term for conspiracy to manufacture methamphetamine was reduced from twenty-eight to eighteen years. This correction left intact the aggregate thirty-six-year prison term.

Mr. Dooly now appeals from his revocation and sentence, raising three arguments for reversal. First, he argues that the State failed to prove by a preponderance of the evidence that he violated the terms of his suspended sentences. Next, he contends that the trial court erred in failing to notify him of the evidence relied on and the reasons for revoking his suspended sentences. Finally, Mr. Dooly asserts that the trial court abused its discretion when it sentenced him to consecutive prison terms. We affirm.

In revocation proceedings, the burden is on the State to prove a violation of a condition by a preponderance of the evidence. *Jones v. State,* 355 Ark. 630, 144 S.W.3d 254 (2004). The State's burden of proof in a revocation proceeding is less than that required to convict in a criminal trial, and thus evidence that is insufficient for a conviction may be sufficient for a revocation. *Bradley v. State,* 347 Ark. 518, 65 S.W.3d 874 (2002). In order to revoke a suspended sentence, the State need only prove one violation. *Stultz v. State,* 92 Ark. App. 204, 212 S.W.3d 42 (2005). When the sufficiency of the evidence is challenged on appeal, we will not reverse a trial court's decision to revoke unless its findings are clearly against the preponderance of the evidence. *Leflore v. State,* 79 Ark. App. 332, 87 S.W.3d 839 (2002). Because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the superior position of the trial court to decide these matters. *Bradley, supra.*

Stephen Tibbitts is the alleged assault and battery victim, and he testified for the State at the revocation hearing. Mr. Tibbitts was working at Sharp's Body Shop on April 21, 2009, when Mr. Dooly entered the premises and appeared to be intoxicated. Mr. Tibbitts testified that Mr. Dooly had a confrontation inside the office and that James Williams came running into the shop with Mr. Dooly following him, and Mr. Williams said that Mr. Dooly had just tried to rob him. The owner as well as Mr. Tibbitts advised Mr. Dooly to leave the property, but Mr. Dooly refused and threatened to "whoop" Mr. Tibbitts.

According to Mr. Tibbitts, an altercation ensued where "Danny swung on me a couple of times with his bare fists and I swung on him a couple of times." Mr. Tibbitts testified that Mr. Dooly hit him in the

head, although he denied sustaining any injury and did not see Mr. Dooly wielding a weapon.

James Williams testified that he was working that day and was on the telephone with a client when Mr. Dooly approached him and demanded his watch. Mr. Williams tried to ignore him, but when Mr. Dooly reached into his back pocket Mr. Williams feared that Mr. Dooly was reaching for a weapon. That is when Mr. Williams went into the shop seeking help. Mr. Williams testified that Mr. Dooly "got into it" with Mr. Tibbitts and struck him in the head with his fist. According to Mr. Williams, Mr. Dooly then brought some kind of chain out of his pocket and hit Mr. Tibbitts in the head with the chain. The owner got between Mr. Dooly and Mr. Tibbitts and was able to separate them, and the police were called. Mr. Tibbitts had blood on him, and photographs admitted into evidence showed a cut on his forehead.

Dale Scarmardo was also working in the shop that day, and he testified that Mr. Dooly was wielding a chain-saw blade. Mr. Scarmardo was sure that he saw Mr. Dooly strike Mr. Tibbitts with the blade.

Officer Brian Rice of the Fort Smith Police Department responded to the call from Sharp's Body Shop. The dispatcher described a disturbance involving weapons. Upon arrival, Officer Rice found Mr. Dooly in a chair in the office and took him into custody. He noted that Mr. Dooly seemed incoherent and under the influence of some type of drug. Officer Rice found a chain-saw blade with a handle next to Mr. Dooly on the floor.

Officer Derek Harwood arrived at the shop after Mr. Dooly was in custody. Officer Harwood searched Mr. Dooly and found several baggies, one of which contained residue. Based on his training and experience, Officer Harwood testified that baggies are used for drugs. He acknowl-edged, however, that while the baggie containing residue was sent to the crime lab, he did not have a lab report.

For his first argument on appeal, Mr. Dooly argues that the State failed to prove any violation of his suspended sentences. He contends that the proof was insufficient to establish the allegations that he committed aggravated assault, second-degree battery, or possession of drug paraphernalia.

Pursuant to Ark.Code Ann. § 5–13–204(a)(1) (Supp.2009), a person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he purposely engages in conduct that creates a substantial danger of death or serious physical injury to another person. Mr. Dooly contends that the State failed to establish the above elements. He notes that in his testimony the alleged victim, Mr. Tibbitts, stated that he and Mr. Dooly "slapped back and forth at each other." Moreover, Mr. Tibbitts did not see a weapon and denied sustaining any injury. Mr. Dooly further asserts that Mr. Tibbitts was equally at fault in causing the confrontation, and he notes inconsistencies among the testimony of the State's witnesses.

Arkansas Code Annotated section 5–13–202 (Supp.2009) provides, in pertinent part:

(a) A person commits battery in the second degree if:

(1) With the purpose of causing physical injury to another person, the person causes serious physical injury to any person; [or]

(2) With the purpose of causing physical injury to another person, the person causes physical injury to any person by means of a deadly weapon other than a firearm; [or]

(3) The person recklessly causes serious physical injury to another person by means of a deadly weapon[.]

Mr. Dooly maintains that the State failed to prove that he committed second-degree battery because Mr. Tibbitts did not suffer a serious physical injury, did not see a chain-saw blade, and merely engaged in a slapping match with appellant.

Mr. Dooly also argues that the State failed to prove that he possessed drug paraphernalia. While Ark.Code Ann. § 5–64–101(14)(A) (Supp.2009) includes in the definition of drug paraphernalia items used to package or contain controlled substances, Mr. Dooly asserts that no controlled substances were found during the search of his person. The State only admitted baggies, one of which contained an unidentified residue, which Mr. Dooly contends was insufficient to establish the offense.

The State need only prove one violation to revoke a suspended sentence, and the trial court's decision to revoke Mr. Dooly's suspended sentence was not clearly against the preponderance of the evidence because the State presented ample proof of second-degree battery. In particular, there was evidence from which the trial court could conclude that with the purpose of causing physical injury to Mr. Tibbitts, Mr. Dooly caused physical injury by means of a deadly weapon other than a firearm.

It is true that Mr. Tibbitts testified that he did not see a weapon and denied being injured in the altercation. However, both Mr. Williams and Mr. Scarmardo saw Mr. Dooly strike Mr. Tibbitts in the head with a chain, and it was for the trial court to weigh the conflicting testimony. A chain-saw blade with a handle was found on the floor near Mr. Dooly when the police arrived, and both Mr. Williams and Mr. Scarmardo testified that this looked like the weapon used in the assault. A chain-saw blade being swung by a handle is a deadly weapon and, as a result of being struck, Mr. Tibbitts suffered a phys-

ical injury in the form of a laceration that left blood on him. As for appellant's assertion that Mr. Tibbitts was equally responsible for causing the fight, this was belied by the testimony that Mr. Dooly appeared intoxicated or on drugs and chased Mr. Williams from the office into the shop after attempting to steal his watch; that both the owner and Mr. Tibbitts asked Mr. Dooly to leave the premises so there would be no problems; and that Mr. Dooly responded to those requests by threatening to "whoop" Mr. Tibbitts and then taking a swing at him.

■ Mr. Dooly's next argument is that the trial court erred in failing to notify him of the evidence relied on and the reasons for revoking his suspended sentences. Arkansas Code Annotated section 5–4–310(b)(5) (Repl.2006) provides, "If suspension or probation is revoked, the court shall prepare and furnish to the defendant a written statement of the evidence relied on and the reasons for revoking suspension or probation." In the present case, the trial court revoked Mr. Dooly's suspended sentences without preparing such written statement, and Mr. Dooly contends that this deficiency requires reversal.

We hold that Mr. Dooly's second argument is not preserved for review. In *Sisk v. State*, 81 Ark. App. 276, 101 S.W.3d 248 (2003), we held that where a defendant in a revocation proceeding does not object to the trial court's failure to provide a written statement of the evidence relied on and the reasons for revoking pursuant to Ark.Code Ann. § 5–4–310(b)(5), he waives his right to a written statement. Because Mr. Dooly did not object to the trial court's failure to furnish a written statement below, that argument has been waived.

■ Mr. Dooly's remaining argument is that that trial court abused its discretion in sentencing him to consecutive prison terms of twenty-eight and eight years. Citing *Smith v. State*, 354 Ark. 226, 118 S.W.3d

542 (2003), he recognizes that the decision to impose a consecutive or concurrent sentence lies solely within the province of the trial court, and that the appellant assumes a heavy burden of showing that the trial court failed to give due consideration in the exercise of that discretion. However, in this case the trial court pronounced the sentence from the bench giving no explanation for ordering consecutive sentences or such a lengthy prison term, and Mr. Dooly submits that this exhibited a lack of due consideration in the exercise of the trial court's discretion.

■ Mr. Dooly cannot now challenge the trial court's decision to run two of his four sentences consecutively because he raised no objection to the consecutive sentences to the trial court. A contemporaneous objection is required in order to preserve the issue of consecutive or concurrent sentences for appeal. *Buckley v. State,* 349 Ark. 53, 76 S.W.3d 825 |₉(2002). Nor did he claim below that his aggregate sentence was too harsh, which also must be raised to preserve the point for appeal. *See Simmons v. State,* 95 Ark. App. 114, 234 S.W.3d 321 (2006). Nonetheless, on the merits Mr. Dooly's sentencing challenges would fail. The trial court is not required to explain its reasons for running sentences consecutively. *Pyle v. State,* 340 Ark. 53, 8 S.W.3d 491 (2000). Moreover, the thirty-six-year sentence was within the statutory range of punishment, and the appellate court is not free to reduce a sentence as long as the sentence is within the range of punishment contemplated by the legislature. *See Simmons, supra.*

Affirmed.

KINARD and BROWN, JJ., agree.