

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–13–624

| | |
|---|---|
| CHRISTOPHER SULLIVAN<br>**APPELLANT**<br><br>V.<br><br>STATE OF ARKANSAS<br>**APPELLEE** | **Opinion Delivered** January 22, 2014<br><br>APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT<br>[NO. 17CR-09-450]<br><br>HONORABLE MICHAEL MEDLOCK, JUDGE<br><br>REVERSED AND DISMISSED |

## RITA W. GRUBER, Judge

Christopher Sullivan appeals from the revocation of his suspended sentence by the Crawford County Circuit Court. He raises two points for reversal: (1) he was denied due process because the petition to revoke alleged violation of a protective order rather than a no-contact order; and (2) the evidence presented was insufficient to support revocation. We agree that the evidence in this case is insufficient, and we reverse the circuit court's order.

In January 2010, appellant pleaded guilty in Crawford County Circuit Court to violating a protective order and was sentenced to 180 days in a regional correction facility followed by five years' suspended imposition of sentence. One of the terms and conditions of his suspended imposition of sentence is that he have no contact with Samantha Reed and Jennifer Magby. On April 1, 2013, the State filed an amended petition to revoke appellant's suspended sentence, alleging that appellant violated a protective order by contacting Sara Lyons in Sebastian County on three separate dates and that this conduct was in violation of

the terms and conditions of his suspended sentence. The State did not attach any orders, either protective or no-contact, to the petition.

At the revocation hearing, Sara Lyons testified that she had dated appellant for several months in 2009. She testified that she did not have an order of protection against appellant but that appellant was told not to contact her in connection with a criminal case filed in Sebastian County against him. She then testified that, after entry of an order in the Sebastian County case, appellant watched her from his car late at night in the mall parking lot where she worked and showed up at a pizza place where she was eating with friends and at a dance club where she was celebrating a friend's birthday. She testified that appellant threw a rose at her on the dance floor, which made her uncomfortable enough to leave. She said that she filed reports with the Fort Smith Police Department on December 8, 2012, and January 8, 2013, regarding those incidents. The State also presented the testimony of Jaene Aden, a friend of Sara, who confirmed Sara's description of the events at the dance club.

Appellant's attorney moved to dismiss the case, arguing that no testimony had been introduced that there was an order of protection in Sebastian County that had been violated. Further, he argued that there was not a no-contact order in Sebastian County and that the State had not introduced such an order. Appellant's attorney conceded that "there was a harassment charge in Sebastian County in 2012, and as a segment of that there was to be—he wasn't to have any contact with Sara Lyons." The court denied appellant's motion to dismiss.

Appellant then testified that he had pleaded guilty to harassment in the fall of 2012 in Sebastian County and that, as part of the terms and conditions of his suspended sentence in

SLIP OPINION

that case, he was to have no contact with Sara Lyons. He denied Sara's characterization of the events, explaining that he had been at the mall where Sara worked to Christmas shop and that he neither saw Sara nor threw a rose at her at the dance club.

Both Sara and appellant testified that a petition to revoke the suspended sentence in the Sebastian County case had been denied for failure of proof. Appellant also introduced into evidence the Sebastian County Circuit Court's order denying the petition.

After the hearing, the court again denied appellant's motion to dismiss and revoked appellant's suspended sentence, finding that he violated the "no-contact order." Appellant filed this appeal.

In revocation proceedings, the burden is on the State to prove a violation of a condition by a preponderance of the evidence. *Dooly v. State*, 2010 Ark. App. 591, at 3, 377 S.W.3d 471, 473. The State's burden of proof in a revocation proceeding is less than that required to convict in a criminal trial, and evidence that is insufficient for a conviction thus may be sufficient for a revocation. *Id*. When the sufficiency of the evidence is challenged on appeal, we will not reverse the trial court's decision to revoke unless its findings are clearly against the preponderance of the evidence. *Mahomes v. State*, 2013 Ark. App. 215, at 3, ___ S.W.3d ___, ___.

We turn first to appellant's argument that the evidence in this case is insufficient to revoke his suspended sentence. The State's petition alleges that appellant committed the offense of violation of a protective order by contacting Sara Lyons and that this conduct violated the terms or conditions of his suspended sentence. Because there is no term or

condition in this case prohibiting appellant from contacting Sara Lyons, and because violation of a protection order is an offense punishable by imprisonment, Ark. Code Ann. § 5-4-401(a)(5) and § 5-53-134, the State is presumably contending that appellant violated the condition that he not "commit a criminal offense punishable by imprisonment." Appellant admitted at the hearing that it was a condition of his suspended sentence that he not violate any state or local laws.

Turning to the evidence, we note that there was no testimony that a protective order involving appellant and Sara Lyons existed, and no such order was introduced. The testimony did provide that appellant had pleaded guilty to harassment of Sara Lyons in Sebastian County Circuit Court and that a term and condition of the suspended sentence in that case was that he not contact Sara. We recognize that violation of a no-contact order issued pursuant to Ark. Code Ann. § 16-85-714 (Supp. 2013) is a Class A misdemeanor punishable by up to one year in the county jail. Ark. Code Ann. § 5-4-401(b)(1) (Repl. 2006). However, the testimony in this case did not establish that a no-contact order was entered. Rather, the testimony indicates that one of the terms and conditions of appellant's suspended sentence in the Sebastian County case is that appellant was not to have contact with Sara. The State did not provide a copy of a no-contact order or any other evidence to prove its existence. While proof of the violation of a term and condition of the Sebastian County suspended sentence would be sufficient to revoke the suspended sentence in the Sebastian County case, it is not sufficient to revoke appellant's suspended sentence in this case. There is no term and condition in this case forbidding appellant from contacting Sara Lyons. And,

the State did not produce evidence that a no-contact order or protective order forbidding such contact existed. Accordingly, we hold that the trial court's finding that appellant violated the terms and conditions of his suspended sentence in this case is clearly against the preponderance of the evidence.

Because we reverse the court's order of revocation due to insufficient evidence, we need not address appellant's due-process argument.

Reversed and dismissed.

WHITEAKER and VAUGHT, JJ., agree.

*J Marvin Honeycutt, PA*, by: *J Marvin Honeycutt*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.