

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–13–534

| | |
|---|---|
| IVES TRANSPORTATION, INC., RONNIE O'NEAL, and PENNYE O'NEAL<br><br>APPELLANTS<br><br>V.<br><br><br>DAREN IVES, DAREN IVES TRANSPORTATION, INC., TOMMY IVES, JANET IGLESIAS, NATIONWIDE TRUCKING SERVICES, LLC, and HAROLD IVES<br><br>APPELLEES | **Opinion Delivered** April 2, 2014<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. CV 2008-296-III]<br><br>HONORABLE LYNN WILLIAMS, JUDGE<br><br><br><br>APPEAL DISMISSED |

**ROBERT J. GLADWIN, Chief Judge**

In two orders, the Garland County Circuit Court dismissed claims asserted by appellants Ives Transportation, Inc., Ronnie O'Neal, and Pennye O'Neal. The first dismissed appellants' claims against appellee Harold Ives with prejudice for failure to state facts upon which relief could be granted. The second order granted appellee Daren Ives's motion to dismiss that asserted that Ives Transportation had had its corporate status revoked and that the O'Neals had abandoned their claims in bankruptcy. This appeal challenges those rulings. Because the orders appealed from do not dispose of all of the claims filed by the parties and do not contain an Ark. R. Civ. P. 54(b) certificate, we must dismiss the appeal.

SLIP OPINION

In 2007, the O'Neals agreed to help their daughter Tara start a trucking business with her boyfriend, Daren Ives. The O'Neals mortgaged their home to finance the venture, and they were made the owners of Ives Transportation. In early February 2008, the O'Neals became suspicious when trucks purchased for Ives Transportation were being titled in another company's name. They discovered Daren was using corporate funds for personal use and was operating a separate entity (Daren Ives Transportation) with his father, Tommy Ives, and his grandfather, Harold Ives.

On February 28, 2008, Ives Transportation filed this action against Daren Ives, seeking injunctive relief to obtain control of the corporate assets. Daren Ives answered the complaint. He also filed a third-party complaint against Ronnie O'Neal, Pennye O'Neal, and Tara O'Neal.

Pursuant to an emergency ex parte motion by Ives Transportation, the circuit court entered an April 1, 2008 order directing that any monies due either Ives Transportation or Daren Ives d/b/a Ives Transportation from certain listed clients be deposited into the registry of the court.

On June 23, 2009, Ives Transportation filed an amended complaint, realigning the O'Neals as plaintiffs. In addition to Daren Ives, the defendants named in the amended complaint were Daren Ives Transportation, Inc.; Tommy Ives; Janet Iglesias; Nationwide Trucking Services, LLC; and Harold Ives.

Daren Ives and Tommy Ives answered the amended complaint, denying the material allegations. Separately, Harold Ives filed a motion to dismiss the amended complaint pursuant

SLIP OPINION

to Ark. R. Civ. P. 12(b)(6). In a supporting brief, Harold Ives denied the complaint's allegations. He also attached his affidavit to the motion that again denied the factual allegations against him. Ives Transportation and the O'Neals responded to the motion, asserting that it was improper.

A hearing on the motion was delayed while the O'Neals were in bankruptcy. An agreed order lifting the automatic stay was entered by the bankruptcy court on November 16, 2010.

On October 4, 2011, the court granted Harold Ives's motion to dismiss the amended complaint against him with prejudice. At the hearing, the court stated that it was dealing only with a motion to dismiss, not a motion for summary judgment.

On June 2, 2010, Daren Ives filed a petition seeking return of approximately $25,000 held in the registry of the court pursuant to the court's April 1, 2008 order. As grounds for the motion, Ives asserted that the O'Neals had filed for bankruptcy and had been granted a discharge without having listed the funds in their bankruptcy schedules. Because the O'Neals had failed to schedule the funds, Ives contended that they were now estopped to claim the funds. He also asserted that five trailers had been repossessed and sold with the surplus funds being distributed to him. The O'Neals, but not Ives Transportation, responded to the petition.

Following a hearing, the circuit court issued a letter opinion dated December 21, 2010, granting the motion and directing that the funds be paid to Daren Ives. The court found that the O'Neals were not parties to the April 1, 2008 order, which ordered the deposit of the money in question into the registry of the court. As a result, the court concluded that they

3

had no claim to the funds. An order memorializing the ruling was entered on December 28, 2010.

On February 20, 2013, Daren Ives filed a motion to dismiss. He claimed that the O'Neals had abandoned all property in bankruptcy court, that the funds at issue had been released to him, that there was no equity in Ives Transportation, and that Ives Transportation and Ives Corporation did not exist. Appellants responded to the motion.

The court dismissed the claims against Daren Ives on February 28, 2013, without a hearing. The order did not explain the court's rationale for the dismissal. This appeal followed.[1]

The question of whether an order is final and appealable is jurisdictional, and we are obligated to consider the issue on our own even if the parties do not raise it. *See Advanced Envtl. Recycling Techs., Inc. v. Advanced Control Solutions, Inc.*, 372 Ark. 286, 275 S.W.3d 162 (2008). Pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(1), a party may appeal from a final judgment or final decree of the circuit court. Absent a certificate from the circuit court directing that the judgment is final, any judgment, order, or other form of decision, however designated, which adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties. Ark. R. Civ. P. 54(b)(2). When a lawsuit contains more than one claim for relief, a judgment that adjudicates fewer than all of the claims is neither final nor appealable. *Forever Green Athletic Fields, Inc. v. Lasiter Constr., Inc.*, 2010 Ark. App. 483 (per curiam). The requirement that an

---

[1]In their notice of appeal, appellants abandoned any pending and unresolved claims.

order must be final and appealable is observed to avoid piecemeal litigation. *Wright v. Viele*, 2012 Ark. App. 459.

The finality problem arises because the circuit court did not dispose of Daren Ives's third-party complaint against the O'Neals,[2] which became a counterclaim after the O'Neals' realignment as plaintiffs. Although Daren Ives acknowledges that his cross-claim is still pending, he nevertheless argues that the case is ready for submission and decision because the O'Neals abandoned any pending but unresolved claims in their notice of appeal. However, the fact that the O'Neals abandoned any pending claims does not provide finality because they cannot abandon Daren Ives's claims, only their own. *Jenkins v. APS Ins., LLC*, 2012 Ark. App. 368.

Our supreme court has held that, where a circuit court disposes of a plaintiff's claim but fails to rule on a defendant's counterclaim, the court has not issued a final order. *See City of Corning v. Cochran*, 350 Ark. 12, 84 S.W.3d 439 (2002); *Williamson v. Misemer*, 316 Ark. 192, 871 S.W.2d 396 (1994); *Carmical v. City of Beebe*, 302 Ark. 339, 789 S.W.2d 453 (1990). That is the situation in the case before us, so we must dismiss the appeal.

Appeal dismissed.
WALMSLEY and WHITEAKER, JJ., agree.
*Files & Brasuell, PLLC*, by: *Jason D. Files*, for appellants.
*Jeff Rosenzweig*, and *Wood, Smith, Schnipper, Clay & Vines*, by: *John T. Vines*, for appellees.

---

[2]The circuit court never formally dismissed Tommy Ives, Janet Iglesias, or Nationwide Trucking Services, LLC. However, this is of no import because appellants abandoned any pending but unresolved claims in their notice of appeal. *See LaRue v. Ground Zero Constr., Inc.*, 2014 Ark. App. 93. Moreover, the failure to dismiss Iglesias and Nationwide Trucking Services is not a fatal finality problem because they did not file an answer or otherwise appear in the action. It does not appear that they were served with a summons. Under the circumstances, any claim against a named but unserved defendant is dismissed by the circuit court's final judgment or decree. Ark. R. Civ. P. 54(b)(5).