

# ARKANSAS COURT OF APPEALS

DIVISION I
№. CV-13-1071

| | |
|---|---|
| VICTORIA JANE FLEMING<br>APPELLANT | **Opinion Delivered** May 21, 2014 |
| V. | APPEAL FROM THE GARLAND COUNTY<br>CIRCUIT COURT<br>[NO. CV2011-164III] |
| KENNETH VEST, M.D.<br>APPELLEE | HONORABLE<br>LYNN WILLIAMS, JUDGE |
| | REMANDED FOR SUPPLEMENTATION OF<br>THE RECORD; REBRIEFING ORDERED. |

## WAYMOND M. BROWN, Judge

Appellant appeals from the circuit court's grant of appellee's motion for summary judgment, thereby dismissing her wrongful-death claim against appellee. On appeal, appellant argues that the circuit court erred in (1) its application of the medical malpractice statute of limitations, (2) finding that the summary judgment record answered all questions of material fact on appellee's statute of limitations defense, and (3) finding that the summary judgment record answered all questions of material fact on appellee's quasi-judicial immunity defense. For the reasons discussed below, we cannot address the merits of the appeal at this time and must remand for supplementation of the record and rebriefing.

Arkansas Rule of Appellate Procedure–Civil 6(e)[1] states that the appellate court may direct, on its own initiative, that a material omission shall be corrected, and if necessary, that a supplemental record be certified and transmitted. A review of appellant's brief and record reveal that Robert Fred Lands and Linda Lands filed a cross-claim against appellee and Ouachita Regional Counseling and Mental Health Center, Inc. d/b/a Community Counseling Services (CCS) and its insurer, Philadelphia Indemnity Insurance Company (Philadelphia).[2]

On July 25, 2012, appellee filed a brief in support of his motion for summary judgment referencing the Lands as "cross-plaintiffs" and appellee as "cross-defendant" in the pleading's heading. In their August 17, 2012, motion for summary judgment, CCS and Philadelphia stated that "Robert and Linda Lands filed a Cross-Complaint against CCS and Philadelphia on or about January 23, 2012, and against Kenneth Vest, M.D., on or about June 19, 2012[.]"[3] During the January 8, 2013 hearing, the court states "I'm going to take up the motion to dismiss the cross[-]claim also today[.]" Neither the cross-claim, the motion to dismiss the cross-claim, nor the order disposing of the cross-claim

---

[1](2013).

[2]The Lands, CCS, and Philadelphia were made party to the case below in appellant's second amended complaint; however, due to separate "compromise settlement[s]," the Lands were dismissed from the matter with prejudice by order entered on October 30, 2012; CCS and Philadelphia were dismissed from the matter with prejudice by order entered November 20, 2012.

[3]In their August 17, 2012 motion for summary judgment, CCS and Philadelphia also referred to the Lands as "cross-plaintiffs" and themselves, along with appellee, as "cross-defendants."

appear in the record.[4] These documents are material to this matter because without them, this court cannot determine whether the August 15, 2013, and September 9, 2013 orders appellant appeals from are final. These documents are required to determine whether this court has jurisdiction to hear this case.

Additionally, Arkansas Rule of Appellate Procedure–Civil 3(e)(iii) states that the notice of appeal shall designate the contents of the record on appeal. In appellant's notice of appeal, she designates the record to include a "Response to Motion for Summary Judgment and [S]upporting Brief filed June 22, 2012." While the referenced supporting brief appears in the record, the initial June 22, 2012 response to appellee's motion for summary judgment does not appear in the record. As the response was designated a part of the record, it must be included.

Accordingly, we remand for supplementation of the record, correcting the above-referenced deficiencies within thirty days.

Rule 4–2(a)(5)(b) of the Arkansas Rules of the Supreme Court provides that no more than one page of transcript shall be abstracted without giving a record page reference. The abstract is absent of record page references to pages 152, 205, 209-11, 213-16, 218-22, 226-30, 232, 234, 236, 496-99, 503-05, 507, 508-16, 520-21, 523-31, 716, 746, and 768. Arkansas Supreme Court Rule 4-2(a)(5)(A) provides that all material parts of a transcript must be abstracted.[5] All material parts of all hearing transcripts, trial

---

[4]A document titled "Brief in Support of Dr. Vest's Motion for Summary Judgment to Cross Claimant's Response" appears in the record.

[5](2013).

transcripts, and deposition transcripts must be abstracted.[6] The pages referenced above also are not abstracted. Appellant makes no note that any or all of these pages are immaterial.

Because the cross-claim documents were not in the record, they also were not included in the addendum. Arkansas Supreme Court Rule 4-2(a)(8) requires appellant to submit an addendum containing true and legible copies of the non-transcript documents in the record on appeal that are essential for the appellate court to understand the case and to decide the issues on appeal. Accordingly, we order appellant to submit a substituted abstract and addendum correcting the above-referenced deficiencies within fifteen days from the date on which the supplemental record is filed.

We encourage appellant's counsel to review Rule 4-2 of the Rules of the Arkansas Supreme Court and Court of Appeals to ensure that the supplemental record and supplemental addendum comply with the rules and that no additional deficiencies are present.

Remanded for supplementation of the record; rebriefing ordered.

GLADWIN, C.J., and VAUGHT, J., agree.

*Bridges, Young, Matthews & Drake PLC*, by: *John P. Talbot*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *T. Michelle Ator* and *Kathryn A. Kirkpatrick*, for appellee.

---

[6]*Id.*

