2014 Ark. App. 600

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-13-1071

| | |
|---|---|
| VICTORIA JANE FLEMING<br>　　　　　　　　　　APPELLANT<br><br>V.<br><br>KENNETH VEST, M.D.<br>　　　　　　　　　　APPELLEE | **Opinion Delivered:** October 29, 2014<br><br>APPEAL FROM THE GARLAND<br>COUNTY CIRCUIT COURT<br>[NO. CV2011-164III]<br><br>HONORABLE LYNN WILLIAMS,<br>JUDGE<br><br>DISMISSED |

## WAYMOND M. BROWN, Judge

Appellant appeals from the circuit court's grant of appellee's motion for summary judgment, thereby dismissing her wrongful-death claim against appellee. For the reasons discussed below, we dismiss appellant's appeal.

This case was previously before this court and was remanded for supplementation of the record and rebriefing.[1] All rebriefing issues were corrected. However, all the deficiencies in the record were not addressed.

In our previous order, we specifically requested all documents dealing with and resolving Robert and Linda Lands's cross-claims against Ouachita Regional Counseling and Mental Health Center, Inc. d/b/a Community Counseling Services and appellee. Appellant has failed to supply any documentation disposing of either.

---

[1] *Fleming v. Vest*, 2014 Ark. App. 327.

Following our remand, the court below entered an order on June 11, 2014, stating that:

> [T]he Court notes that the record as currently comprised does not include an Order disposing of Robert Fred Lands and Linda Lands' Cross-Claim for contribution and indemnity against Ouachita Regional Counseling and Mental Health Center, Inc. d/b/a Community Counseling Services and Philadelphia Indemnity Insurance Company, the parties having treated such Cross-Claim as moot by virtue of the parties' dismissal with prejudice of Plaintiff's claims against the Lands.

It is clear from the circuit court's language that there is no order disposing of the claims in question.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil states that an appeal may—absent some exceptions that do not apply—be taken from a final judgment or decree.[2] Absent a Rule 54(b) certificate from the circuit court directing that the judgment is final, any judgment, order, or other form of decision, however designated, which adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties.[3] When a lawsuit contains more than one claim for relief, a judgment that adjudicates fewer than all of the claims is neither final nor appealable.[4] Accordingly, on the record before this court, the order is not final.

Dismissed.

WHITEAKER and HIXSON, JJ., agree.

---

[2] (2013).

[3] *Ives Transp., Inc. v. Ives*, 2014 Ark. App. 202, at 4 (citing Ark. R. Civ. P. 54(b)(2)).

[4] *Id.* (citing *Forever Green Athletic Fields, Inc. v. Lasiter Constr., Inc.*, 2010 Ark. App. 483 (per curiam)).

*Bridges, Young, Matthews & Drake PLC*, by:  *John P. Talbot*, for appellant.

*Friday, Eldredge & Clark, LLP*, by:  *T. Michelle Ator*, for appellee.