SLIP OPINION



Cite as 2015 Ark. App. 672

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–15–375

| | |
|---|---|
| ADAM EUGENE LANE<br>                    APPELLANT | **Opinion Delivered**  November 18, 2015 |
| V. | APPEAL FROM THE SEBASTIAN<br>COUNTY CIRCUIT COURT,<br>FORT SMITH DISTRICT<br>[NO. CR–2012–1209] |
| STATE OF ARKANSAS<br>                    APPELLEE | HONORABLE J. MICHAEL<br>FITZHUGH, JUDGE |
| | AFFIRMED |

## CLIFF HOOFMAN, Judge

Appellant Adam Lane appeals from the Sebastian County Circuit Court's revocation of his suspended imposition of sentence (SIS). On appeal, Lane argues (1) that the circuit court erred by not providing a written statement of the evidence relied on and the reasons for revoking his SIS and (2) that the circuit court erred by not holding the revocation hearing within sixty days of his arrest. We affirm.

In October 2013, Lane pled guilty to being a felon in possession of a firearm and was sentenced to six years' incarceration, followed by four years' SIS. He signed a document outlining the written terms and conditions governing his behavior during the period of his suspension. Lane was released on parole in December 2014. Lane failed to report to his parole officer in January 2015, and he was then arrested at a motel in Fort Smith on January 27, 2015, and charged with possession of methamphetamine with intent to deliver,

SLIP OPINION

simultaneous possession of drugs and a firearm, possession of drug paraphernalia, and felon in possession of a firearm.

A petition to revoke was filed by the State on February 3, 2015, alleging that Lane had violated the conditions of his SIS by committing the new offenses. The bench warrant on the revocation petition reflects that it was served on Lane on February 4, 2015. On April 8, 2015, the revocation hearing was held, at the conclusion of which the circuit court found that Lane had violated the conditions of his SIS based on his possession of drugs and a firearm. A sentencing order was entered on April 14, 2015, and Lane filed a timely notice of appeal from this order.

On appeal, Lane does not challenge the sufficiency of the evidence supporting the revocation of his SIS; instead, he argues that the circuit court failed to comply with two of the provisions contained in Arkansas Code Annotated section 16-93-307(b) (Supp. 2013). The relevant portions of this statute are set forth below:

> (b)(1) A suspension or probation shall not be revoked except after a revocation hearing.
> (2) The revocation hearing shall be conducted by the court that suspended imposition of sentence on the defendant or placed him or her on probation within a reasonable period of time after the defendant's arrest, not to exceed sixty (60) days.
> . . . .
> (5) If suspension or probation is revoked, the court shall prepare and furnish to the defendant a written statement of the evidence relied on and the reasons for revoking suspension or probation.

Lane first argues that the circuit court erred by not explaining in writing why it revoked his SIS or on what evidence the revocation was based. He contends that a written statement is mandatory under section 16-93-307(b)(5) and that the circuit court committed

SLIP OPINION

reversible error by not complying with this requirement.

The State responds by asserting that this argument is not preserved for appeal because it was not raised below. *See, e.g.*, *Love v. State*, 2014 Ark. App. 600 (holding that the appellant's argument that the trial court failed to adhere to the writing requirement in Ark. Code Ann. § 16–93–307(b)(5) was not preserved for appellate review where no objection was made to the trial court). Lane recognizes that he did not object to the circuit court's failure to provide a written statement, but he argues that he had no opportunity to do so and that he is therefore not prevented from raising this issue on appeal pursuant to our supreme court's decision in *Olson v. Olson*, 2014 Ark. 537, 453 S.W.3d 128. In *Olson*, the supreme court held that the appellant was not barred from raising an issue on appeal from the divorce proceeding where she was not present at the hearing and had no opportunity to object to the trial court's ruling. The court also held that the appellant was not required to file a posttrial motion in order to preserve the claim of error for appeal. *Id.* Similarly, in this case, Lane contends that he could not have raised the issue regarding the writing requirement until the circuit court entered the sentencing order, in which the court merely checked the box indicating that it was a revocation and did not explain its findings.

This court rejected an argument virtually identical to Lane's in *Massey v. State*, 2015 Ark. App. 240, where that appellant also relied on *Olson* for his claim that he was not procedurally barred from raising on appeal the issue of the trial court's failure to comply with the writing requirement in Arkansas Code Annotated section 16–93–307(b)(5). We recognized in *Massey* that there is longstanding precedent from both this court and our

3

SLIP OPINION

supreme court that a party must raise this issue at the trial-court level in order to preserve the issue for appeal, and we declined to overrule our prior cases. *See, e.g.*, *Love*, *supra*; *Dooly v. State*, 2010 Ark. App. 591, 377 S.W.3d 471. We further noted that we did not have the authority to overrule similar precedent from our supreme court. *Massey*, *supra* (citing *Brandon v. State*, 300 Ark. 32, 776 S.W.2d 345 (1989)). Thus, based on *Massey*, we hold that the issue Lane raises on appeal regarding the circuit court's failure to comply with the writing requirement is not preserved, and we decline to address it.

Lane attempts to distinguish this case from *Love* and *Massey* because he argues that the circuit court entered only a sentencing order here, not an order of revocation. However, there is no indication in *Love* that an order of revocation was entered. Furthermore, Lane offers no convincing argument why this distinction would matter, given his contention that he had no opportunity to raise the issue to the circuit court at the hearing and that he was also not required to raise it by a posttrial motion. We therefore affirm this point on appeal.

In his second point on appeal, Lane argues that, under Arkansas Code Annotated section 16-93-307(b)(2), a revocation hearing must be held within sixty days of the defendant's arrest. Because Lane was arrested on February 4, 2015, and the revocation hearing was not held until April 8, 2015, sixty-three days later, Lane contends that there was not compliance with the statute and that the circuit court's revocation was untimely and illegal.

The State responds that Lane waived his right to demand that the hearing be held

4

within sixty days because he did not object to the delay.[1] We agree. We have held that the sixty-day limitation pertaining to revocation hearings is not jurisdictional; rather, it represents the period beyond which the hearing cannot be delayed if the defendant objects. *Haskins v. State*, 264 Ark. 454, 572 S.W.2d 411 (1976); *Jones v. State*, 2012 Ark. App. 69, 388 S.W.3d 503; *Cooper v. State*, 2009 Ark. App. 861. Thus, when the defendant does not object to the timeliness of the hearing prior to the expiration of the sixty-day period, he waives his right to insist on a timely hearing. *Cooper, supra.*

Here, Lane did not request that the circuit court hold the revocation hearing within sixty days, and in fact, at the beginning of the hearing, Lane asked the circuit court for a continuance, which was denied. We therefore hold that Lane waived his objection to the timeliness of the revocation hearing.

In his reply brief, Lane argues in response to the State's assertion of waiver that Arkansas Code Annotated section 16-93-307(b)(2) provides a substantive right and that shifting the burden to the defendant to ask for a timely hearing would limit this right and would be a separation-of-powers violation. Lane's argument in this regard is without merit,

[1] The State also asserts that the sixty-day requirement did not apply in this case because Lane was arrested and incarcerated on other charges at the time he was served with the arrest warrant on the revocation petition. *See, e.g.*, *Bilderback v. State*, 319 Ark. 643, 893 S.W.2d 780 (1995) (holding that the sixty-day limitation is mandatory only where the defendant is arrested for violating the conditions of his suspension or probation, as the purpose of this time limitation is to limit the amount of time that the defendant is detained in jail awaiting a revocation hearing and is not in the nature of a speedy-trial provision). However, Lane responds that there is no evidence in the record that he was incarcerated on other charges at the time the arrest warrant was served. We agree that the evidence before us is insufficient to conclusively establish this fact and instead affirm on the basis that Lane waived his argument.

as he does not explain how holding that a defendant must actually assert the statutory right to a hearing within sixty days would abridge that right, nor does he cite any convincing authority in support of his argument. Accordingly, we affirm the revocation of Lane's SIS.

Affirmed.

GLOVER and HIXSON, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.

SLIP OPINION