Betty WADE *v.* STATE of Arkansas

CA CR 79-110                                    594 S.W. 2d 43

Opinion delivered January 23, 1980
Rehearing denied February 20, 1980
Released for publication February 20, 1980

*John W. Achor,* by: *William H. Patterson, Jr.,* Chief Appellate Attorney, for appellant.

*Steve Clark,* Atty. Gen., by: *Victor L. Fewell,* Asst. Atty. Gen., for appellee.

MARIAN F. PENIX, Judge. On April 19, 1979, Appellant Wade was tried by a jury and found guilty of possession of heroin. She was sentenced to five years. From this sentence Wade appeals.

On August 1, 1978, a warrant was obtained for the search of a residence on Mabelvale Pike. During the search by Little Rock police officers Wade was seen to drop to the floor a syringe, a tinfoil packet, and a cotton ball. The syringe and cotton ball contained heroin.

Wade alleges there was insufficient evidence to support the verdict. Richard Fulks, of the Narcotics Division of the Little Rock Police Department, testified he had just told one of the occupants of the residence she was to be searched by a female detective. As he turned to talk to Wade he saw three articles fall to the floor — the syringe, tinfoil packet and cotton ball. He stated he did not see them in her hands but did see them fall to the floor beside her. He testified Wade was standing alone not close to any furniture nor any other of the occupants. He also stated Wade was the only occupant who was standing. Another officer Lowery testified he saw the packet and syringe on the floor close to Wade. He further stated all other suspects were seven or eight feet from Wade and there was plenty of light in the house. An expert witness from the Arkansas State Crime Laboratory testified the dropped articles contained heroin.

Johnny Trimble testified for Wade and Wade took the stand herself. Trimble testified the packet was on the floor when he and Wade first arrived at the residence. Wade testified she had never seen nor had the syringe and the packet. She also testified it was getting dusky dark and the only light that was on was in the bathroom.

The Arkansas Supreme Court has held that, in cases involving possession of controlled substances, actual or physical possession is not required.

. . . possession may be imputed when the contraband is

found in a place which is immediately and exclusively accessible to the accused and subject to his dominion and control . . . *Cary* v. *State,* 259 Ark. 510, 534 S.W. 2d 230 (1976).

Two officers testified the contraband was very near Wade. One testified he actually saw the contraband drop from Wade's hands. Their testimony is sufficient to constitute substantial evidence to support the jury verdict. We need not consider the testimony of the defense witnesses which conflicts with the testimony of the officers. The officers' testimony constitutes substantial evidence.

In pointing out the pertinent testimony on the question of sufficiency of the evidence, we will view the evidence in the light most favorable to the state, considering only that testimony that lends support to the jury verdict and disregarding any conflicting testimony which could have been rejected by the jury on the basis of credibility. *Chaviers* v. *State,* 267 Ark. 7, 588 S.W. 2d 434 [No. CR 79-148 (filed October 29, 1979)]

We hold the evidence sufficient to support the jury verdict.

Affirmed.