Thomas Edmond BRADLEY *v.* STATE of Arkansas

CR 01-681 65 S.W.3d 874

Supreme Court of Arkansas
Opinion delivered February 7, 2002
[Petition for rehearing denied March 14, 2002.]

*Phillip A. McGough, P.A.*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Misty Wilson Borkowski*, Ass't Att'y Gen., for appellee.

W.H. "Dub" Arnold, Chief Justice. This case involves the revocation of a suspended sentence. Appellant Thomas Bradley pled guilty to breaking or entering, two counts of burglary, and three counts of theft of property in 1997. Imposition of appellant's sentences were suspended on several conditions, one of which was that appellant live a law-abiding life, be of good behavior, and not violate any state, federal, or municipal law. On February 20, 2001, the State filed a revocation petition based on alleged violations of the conditions of appellant's suspended sentences, particularly the alleged violation of Ark. Code Ann. § 5-64-1301 (Supp. 2001), which states:

> Any person who knowingly possesses anhydrous ammonia in a container which does not comply with the regulations of the Boiler Inspection Division of the Department of Labor for the containment of anhydrous ammonia is guilty of a Class B felony.

The trial court revoked appellant's suspended sentences, and the appellant now appeals that revocation. We affirm.

Appellant was a passenger in a vehicle driven by a friend. The vehicle was stopped for speeding, and the odor of ammonia coming from the trunk was so strong that two police officers and a police dog were overcome. The officers obtained permission to search the vehicle, and found hypodermic needles in the door pocket of the driver's door. The trunk key initially could not be found; however, access to the trunk was gained through the back seat, and the anhydrous ammonia was found there, leaking from a red nonconforming container.

The trunk key was later found under the appellant's passenger seat, and the trial court found that, from all of the circumstances, appellant was in constructive possession of the anhydrous ammonia found in the trunk in the nonconforming container. The court found that while there might not be enough evidence to convict the appellant of violating the statute, there was sufficient evidence to revoke his suspended sentences. On appeal, appellant challenges the court's denial of his motions for directed verdict, alleging that the State did not sufficiently prove that appellant constructively possessed the contraband found in the trunk of the automobile.

## I. Standard of Review

 We have held that to revoke probation or a suspended sentence, the burden is on the State to prove the violation of a condition of probation or suspended sentence by a preponderance of the evidence. *See* Ark. Code Ann. 5-4-309(d) (Supp. 1999); *Lemons v. State*, 310 Ark. 381, 836 S.W.2d 861 (1992); *Hoffman v. State*, 289 Ark. 184, 711 S.W.2d 151 (1986); *Pearson v. State*, 262 Ark. 513, 558 S.W.2d 149 (1977). On appellate review, the trial court's findings will be upheld unless they are clearly against a preponderance of the evidence. *Hoffman, supra.* Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for a probation revocation. Thus, the burden on the State is not as great in a revocation hearing. *Lemons, supra; Gordon v. State*, 269 Ark. 946, 601 S.W.2d 598 (1980). Since determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the trial judge's superior position. *Id.*

## II. Merits

At trial, West Memphis Police Officer Joseph Applegate testified that on October 12, 2000, at 2:39 a.m., he stopped a white Ford Thunderbird on Interstate 40 for speeding. He testified that upon approaching the vehicle, he smelled a strong odor of ammonia coming from inside the car. The driver gave Officer Applegate permission to search the vehicle. Both the driver and appellant, who was a passenger in the car, were placed in Office Applegate's patrol car while he performed the search. Officer Applegate first attempted to use a drug dog to search the car; however, the dog had an abnormal alert and ran away from the car and the smell of ammonia. Officer Applegate then began conducting the search by accessing the trunk through the upper part of the back seat because the trunk key was "missing," although it was later found underneath the passenger seat in which appellant had been sitting. Officer Applegate testified that the parties acted very nervous — more nervous than is normal during a traffic stop for speeding. When Officer Applegate opened the trunk, the strong ammonia odor caused him to vomit on the side of the road.

West Memphis Detective Vance Plumhoff testified that he arrived to assist Officer Applegate. Detective Plumhoff is certified to recognize dismantled clandestine methamphetamine laboratories.

Located inside the trunk was a red plastic gas tank, which contained anhydrous ammonia. Detective Plumhoff testified that the tank was leaking, causing the ammonia to evaporate, which would indicate that the trunk had recently been opened in order to place the ammonia inside it. The red plastic container is not the approved type for transportation of anhydrous ammonia in Arkansas. Detective Plumhoff further testified that antifreeze and windshield washer fluid containers were also located in the trunk and that although carrying these items in one's automobile trunk is in no way illegal, given the circumstances and other findings in the trunk, these items were suspicious, as antifreeze may be used to manufacture methamphetamine or transport other chemicals and the methanol in certain brands of windshield washer fluid can be used in certain forms of manufacturing methamphetamine. Additionally, an empty silver pressurized tank and sixty-six Dilantin capsules were found in the trunk, although Detective Plumhoff testified that the pills would not have been used in the manufacture of methamphetamine. Appellant's objections to Detective Plumhoff's testimony relating how they *were* used were sustained by the court.

Based on the evidence presented at the revocation hearing, we cannot say that the trial court erred in finding that the State had proved by a preponderance of the evidence that appellant had constructively possessed anhydrous ammonia in an unlawful container and, therefore, violated the conditions of his suspended sentences. We have held that the State need not prove that the accused physically possessed the contraband in order to sustain a conviction for possession of a controlled substance if the location of the contraband was such that it could be said to be under the dominion and control of the accused, that is, constructively possessed. *Darrough v. State*, 330 Ark. 808, 957 S.W.2d 707 (1997). We have further held that while constructive possession can be implied when the contraband is in the joint control of the accused and another, joint occupancy of a vehicle, *standing alone*, is not sufficient to establish possession or joint possession. *Dodson v. State*, 341 Ark. 41, 14 S.W.3d 489 (2000). Other factors to be considered in cases involving automobiles occupied by more than one person are: (1) whether the contraband is in plain view; (2) whether the contraband is found with the accused's personal effects; (3) whether it is found on the same side of the car seat as the accused was sitting or in near proximity to it; (4) whether the accused is the owner of the automobile, or exercises dominion or control over it; and (5) whether the accused acted suspiciously before or during the arrest. *Id.* Possession may be imputed when the contraband is found in a place which is immediately and exclusively accessible to the accused

and subject to his dominion and control. *See Wade v. State*, 267 Ark. 1101, 594 S.W.2d 43 (1980); *see also Crossley v. State*, 304 Ark. 378, 902 S.W.2d 459 (1991).

In this case, the trial court placed substantial emphasis on the fact that the trunk key was found underneath the seat where appellant was sitting. Since the ammonia was evaporating, the trunk would have recently been opened in order to place the ammonia inside it. As such, the fact that the key was found underneath appellant's seat led the trial court to believe that appellant placed it there in order to delay the officer's access to the trunk, and thus, that appellant had knowledgeable possession of anhydrous ammonia in an unlawful container. Moreover, other factors considered are the plain *smell* of ammonia, which was obviously so powerful that it was basically in "plain view," and the testimony of the officers that the driver and the appellant acted "very nervous — more than is normal during a traffic stop for speeding."

■ Because this was a revocation proceeding, and the burden of proof was by a preponderance of the evidence, we hold that even if there was not enough evidence to sustain a conviction for violation of the anhydrous ammonia statute, the trial court's finding by a preponderance that appellant was in constructive possession of anhydrous ammonia being transported in an unlawful container is clearly sufficient to revoke his suspended sentences.

Affirmed.