

Cite as 2016 Ark. App. 348

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–15–684

|  |  |  |
|---|---|---|
| BRAELON MAXWELL | | **Opinion Delivered** June 22, 2016 |
| | APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT |
| V. | | [NO. CR–2011-1194] |
| STATE OF ARKANSAS | | HONORABLE RALPH WILSON, JR., JUDGE |
| | APPELLEE | |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## CLIFF HOOFMAN, Judge

Appellant Braelon Jamar Maxwell appeals after the Crittenden County Circuit Court revoked his probation and sentenced him to serve twenty-four months in the Arkansas Department of Correction, followed by a twelve-month suspended imposition of sentence. Appellant's attorney has filed a no-merit brief and a motion to withdraw as counsel pursuant to Arkansas Supreme Court Rule 4–3(k) (2015) and *Anders v. California*, 386 U.S. 738 (1967), asserting that this appeal is wholly without merit. The motion is accompanied by an abstract and addendum of the proceedings below, alleged to include all objections and motions decided adversely to appellant, and a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court mailed a copy of counsel's motion and brief to appellant's last-known address informing him of his right to file pro se

SLIP OPINION

points for reversal; however, he has not done so.[1] Consequently, the attorney general has not filed a brief in response. We grant counsel's motion to withdraw and affirm the revocation.

On August 20, 2012, appellant pleaded guilty to possession of a schedule VI controlled substance with the purpose to deliver and was placed on probation for thirty-six months. On January 14, 2014, the State filed a revocation petition alleging that appellant had violated the terms and conditions of his probation. After a hearing on April 30, 2014, the trial court found that appellant had violated the terms and conditions of his probation. The trial court sentenced appellant to serve two months in county jail and extended his original term of probation by twenty-four months.

Subsequently, a second revocation petition was filed on February 17, 2015, alleging that appellant had violated his probation by (1) failing to pay his fines, costs, and fees as directed; (2) failing to report to probation as directed; (3) failing to pay his probation fees; (4) failing to notify the sheriff and his probation officer of his current address and employment; (5) departing from his approved residence without permission; and (6) failing to complete his community service in lieu of fees.

At the revocation hearing, Amy Peyton, employed with the Crittenden County Sheriff's Department, testified that appellant had failed to pay any of his fines and costs as ordered by the trial court. Additionally, Probation Officer Jennifer Miller testified that she had supervised appellant since April 30, 2014. She explained that he had missed several

---

[1] The packet was mailed to appellant by certified mail, and a return receipt indicates that delivery was accepted.

appointments with her, attending only three out of ten visits. She further testified that appellant was initially living locally with his grandmother. Although she subsequently was given another address for him in Jonesboro as a reference, she indicated that she had not given appellant permission to move and that he was not supposed to be living in Jonesboro. Finally, she testified that appellant was behind on paying his probation fees and that he had failed to complete his community service in lieu of paying his fees.

Appellant testified at the hearing on his own behalf. He testified that he had been working in Jonesboro and admitted that he had moved to Jonesboro. However, he testified that he had discussed his move with Officer Miller and that she had given him permission to do so. Additionally, appellant explained that he had difficulty attending his probation appointments due to his work schedule. He further acknowledged that he was aware of his obligations, including paying his fines and costs.

After all evidence was presented, the trial court found that appellant had violated the terms and conditions of his probation, specifically by failing to pay his fines and costs, failing to report to his probation officer as directed, and failing to remain in the jurisdiction of the court. He was sentenced to serve twenty-four months in the Arkansas Department of Correction, followed by a twelve-month suspended imposition of sentence. This appeal followed.

The only adverse ruling in this case was the revocation itself. A challenge to the sufficiency of the evidence may be raised for the first time in an appeal of a revocation in the absence of a motion for a directed verdict. *See Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370

(2001); *Cotta v. State*, 2013 Ark. App. 117. In a revocation proceeding, the trial court must find by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her suspension or probation, and on appellate review, we do not reverse the trial court's decision unless it is clearly against the preponderance of the evidence. *Flemons v. State*, 2014 Ark. App. 131; Ark. Code Ann. § 16–93–308(d) (Supp. 2015). Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for a probation or suspended-sentence revocation. *Bradley v. State*, 347 Ark. 518, 65 S.W.3d 874 (2002). Since determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the trial court's superior position. *Id.* Furthermore, the State need only prove that the appellant committed one violation of the conditions in order to revoke appellant's sentence. *Peals v. State*, 2015 Ark. App. 1, 453 S.W.3d 151.

In this case, the decision to revoke was not clearly against the preponderance of the evidence. Appellant's conditions of probation required that he pay all fines, court costs, and restitution; cooperate with the probation officer and report as directed; and not move or remain out of the jurisdiction of the court without permission. The State introduced sufficient evidence through Ms. Peyton's and Officer Miller's testimony to support the trial court's finding that he violated the conditions of his probation, and we defer to the trial court's superior position regarding questions of credibility and the weight to be given testimony. *Bradley, supra.* Thus, from our review of the record and the brief presented, we find that counsel has complied with the requirements of Rule 4–3(k) and hold that there is



no merit to this appeal. Accordingly, counsel's motion to withdraw is granted and the revocation affirmed.

Affirmed; motion to withdraw granted.

GLADWIN, C.J., and BROWN, J., agree.

*Tyler C. Ginn*, for appellant.

No response.