

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-16-1102

| | |
|---|---|
| | **Opinion Delivered** June 21, 2017 |
| AARON A. RECTOR | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT |
| APPELLANT | [NO. 18CR-16-123] |
| V. | |
| STATE OF ARKANSAS | HONORABLE RANDY F. PHILHOURS, JUDGE |
| APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**DAVID M. GLOVER, Judge**

This is a no-merit appeal from the Crittenden County Circuit Court's revocation of Aaron Rector's probation. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k)(1) (2016) of the Rules of the Arkansas Supreme Court and Court of Appeals, Rector's counsel has filed a motion to withdraw on the ground the appeal is wholly without merit. The motion is accompanied by an abstract and brief referring to everything in the record that might arguably support an appeal and a statement of reasons why the rulings do not provide a meritorious ground for appeal. Rector was notified of his right to file pro se points; he has filed none. We affirm the revocation and grant counsel's motion to withdraw.

In March 2016, Rector entered negotiated guilty pleas to the offenses of breaking or entering, a Class D felony, and theft of property, a Class A misdemeanor. He was placed on four years' probation for the Class D felony and one year's probation for the Class A misdemeanor. Terms of his probation included paying all fines and court costs at a rate of

$25 per month; living a law-abiding life; cooperating with his probation officer and reporting as directed; and promptly notifying his probation officer and the sheriff of any change of address or employment.

In June 2016 the State filed a petition to revoke Rector's probation for the Class D felony, alleging he had failed to pay fines, costs, and fees as directed; failed to report to probation as directed; failed to pay probation fees; failed to notify probation of his current address and employment; and failed to lead a law-abiding life, be of good behavior, and not violate any state, federal, or municipal law. After a hearing, the circuit court revoked Rector's probation for the offense of breaking or entering, finding he failed to report to his probation officer as directed and failed to pay his fines, costs, and fees; Rector was sentenced to two years in a regional correction facility, to be followed by a three-year suspended imposition of sentence.

The sole adverse ruling in this case is the revocation itself. Probation may be revoked upon a finding by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of probation. *Parmer v. State*, 2017 Ark. App. 5. A revocation will not be reversed on appeal unless the decision is clearly against the preponderance of the evidence. *Id.* Due to the differing burdens, evidence that is insufficient for a criminal conviction may be sufficient for a probation or suspended-sentence revocation. *Maxwell v. State*, 2016 Ark. App. 348, 498 S.W.3d 333. The appellate courts defer to the circuit court's superior position to determine questions of credibility and weight to be given the testimony. *Id.* The State is required to prove only one violation of the conditions of probation to sustain the revocation. *Id.*

SLIP OPINION

At the revocation hearing, Anitra Thompson, the collector of fines, fees, and costs for the Crittenden County Sheriff's Department, testified that Rector's total bill was $1060; he made a $25 payment prior to the hearing, leaving a balance of $1035; and prior to that, she had received no payments on his account. Jennifer Clements, Rector's probation officer, testified as follows. She received him as a probationer on March 31, 2016; he had an appointment with her on April 1 and failed to report, even though he called and told her he was on his way but would be late. On May 6, she sent a letter to the Gratz, Illinois, address Rector had provided, setting an appointment for May 19; when Rector failed to keep that appointment, she sent a second letter on May 20 for a June 6 appointment. When Rector failed to report on June 6, she filed a violation report. Clements did not see Rector in June or July, but she did see him on August 3 at the jail after he had been extradited to Arkansas; at that time, he told her he had "messed up" his probation but he wanted to do whatever it took to "make it right." Clements stated the goal of the April 1 appointment was to have his probation transferred to Illinois, but it never occurred because Rector never reported.

Rector testified in his own defense, agreeing that he had failed to comply with the terms of his probation. He explained he did not report to his probation officer April 1 because he did not have money for a hotel so he drove back to Illinois with his grandmother, and he did not make it to the probation office on the day of his revocation hearing because he was unfamiliar with the county and did not know where it was located. He admitted he did not get the letters from Clements because he was not residing at his grandparents' house during that time; he was living with his girlfriend. Rector testified he was not working

when he was placed on probation, but he had been employed for one month at Casey's General Store, where he was paid $234 every two weeks; he was also working part time for Realogy Energy on a commission basis.

By his own admission, Rector violated the terms of his probation by failing to report to his probation officer and by failing to pay $25 per month on his fines and fees. The test for filing a no-merit brief is not whether there is any reversible error, but whether an appeal would be wholly frivolous. *Young v. State*, 2017 Ark. App. 8. We have reviewed the entire record and counsel's brief and conclude that Rector's counsel has adequately explained why there is no meritorious issue on appeal.

Affirmed; motion to withdraw granted.

ABRAMSON and GLADWIN, JJ., agree.

*Tyler C. Ginn*, for appellant.

No response.