Cite as 2021 Ark. App. 131

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR-20-434

|  |  |  |
|---|---|---|
| ALIJAH WILDER | | **Opinion Delivered** March 17, 2021 |
| | APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NOS. 16JCR-16-702; 16JCR-16-853; 16JCR-16-859; 16JCR17-1265; AND 16JCR-19-183] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE PAMELA HONEYCUTT, JUDGE |
| | | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Alijah Wilder appeals a Craighead County Circuit Court order sentencing her to a combined total of thirty years' imprisonment in the Arkansas Department of Correction after a revocation proceeding. On appeal, Wilder argues that the trial court improperly relied on grounds not listed in the State's petition to revoke in making its revocation decision. Because Wilder failed to properly raise these arguments below, we affirm.

In January 2019, Wilder pled guilty to theft of property, financial-identity fraud, and two counts of second-degree forgery. She received seventy-two months' probation on the hot-check and forgery charges and a seventy-two-month suspended imposition of sentence on the others. She was also ordered to pay restitution as well as certain costs and supervision fees at a rate of one hundred dollars a month. In August 2019, Wilder pled guilty to another

count of financial-identity fraud. On that charge, she was sentenced to seventy-two months' probation and was ordered to pay restitution as well as costs and fees at a rate of seventy-five dollars a month.

In October 2019, police executed a search warrant on Wilder's home. The subsequent search yielded approximately 15.5 ounces of ecstasy, 128 ounces of promethazine with codeine, marijuana, and drug paraphernalia. In November 2019, the State filed a petition to revoke, alleging the following violations of her probation and suspended sentences: (1) she had committed the crime of trafficking a controlled substance; (2) she had been found to be in possession of ecstasy and promethazine-codeine; (3) she had failed to report as directed; and (4) she had a total balance of $10,805.96 due to the Craighead County Sheriff's Office for restitution, fines, and court costs.

The court conducted a revocation hearing on the petition to revoke and received evidence. Avion Henry, Wilder's probation officer, testified that Wilder owed $110 in supervision fees, with her last known payment being made in February 2020. Henry also reported that Wilder had missed two appointments when she was arrested on new charges and that she had failed to report within twenty-four hours of her release as required by the conditions of her probation and suspended sentences. Becky Mahan, the fine and fee collector for the Craighead County Sheriff's Office, testified that Wilder had made only two payments totaling seventy dollars on the fines and fees imposed on the hot-check conviction

and that no payments had been made on the other charges, leaving an outstanding balance of $10,855.96.[1]

Detective Bill Brown testified to the facts surrounding the search of Wilder's home and the discovery of controlled substances inside. He reported that police responded to a gunshot victim found outside Wilder's home. After the victim had been treated by emergency personnel, the officers performed a protective sweep of the home to locate other possible victims or suspects. Wilder was not present during the sweep but arrived later while officers were still on scene. She confirmed that the home was hers, her name was on the lease, and the gunshot victim was her boyfriend, Darrius Furlow. She also confirmed that other people besides her and Furlow lived at the residence. Law enforcement obtained a search warrant for the home, and they found approximately 15.5 ounces of ecstasy, 128 ounces of promethazine with codeine, some marijuana, and drug paraphernalia. When questioned by police, Wilder admitted that she knew the drugs were in the home. Law enforcement sent the contraband to the Arkansas State Crime Laboratory for analysis. Charlette Parnell, a forensic chemist, randomly tested the over 3,000 pills seized during the execution of the warrant and reported that all the pills sampled contained ecstasy.

At the close of the evidence, Wilder moved for directed verdict arguing that the State had failed to sufficiently connect her to the controlled substances found in the home and asserting that she had recently paid a substantial portion of her financial obligations. The court denied the motion, found Wilder had willfully violated the terms of her prior

---

[1]This amount includes an additional $130 in accumulated sheriff fees.

sentences, and sentenced her to a combined thirty years in the Arkansas Department of Correction.[2] Other than the arguments made in the directed-verdict motions, no other challenges were made to the court's ruling.

Wilder now appeals her revocation, claiming that the trial court erred in revoking her probation on violations not contained in the petition to revoke, resulting in a violation of her due-process rights. She contends that the petition to revoke alleged that she had committed the crimes of trafficking a control substance and possession of a controlled substance; however, the court did not find that she committed those crimes. Instead, the court simply found that she lived at the residence and knew the drugs were present in the residence. Additionally, she asserts that the State did not allege in the petition that she had willfully refused to pay her financial obligations; instead, it alleged that she carried a balance on her account with the Craighead County Sheriff's Office—something not prohibited by the terms and conditions of her probation or suspended sentences.

These arguments, however, are not preserved for our review. While it is true that Wilder's right to due process required that she be given notice of the conditions of the suspended sentences she was alleged to have violated, it is also true that the denial of any right, even a constitutional one, must be objected to at trial to be preserved for appeal. *Cheshire v. State*, 80 Ark. App. 327, 95 S.W.3d 820 (2003). Here, she did not raise any due-

---

[2]The court did not specify at the hearing how the total sentence should be distributed among the various convictions. The sentencing orders signed by the court specified consecutive five-year sentences on all charges. The sentencing order also specified an additional five-year suspended imposition of sentence on all charges except the hot-check violation, which contained a one-year suspended imposition of sentence.

4

process objection when the trial court ruled in open court that she had violated the conditions of her probation and suspended sentences. When the State introduced evidence that she had failed to make payments on her financial obligations as ordered, she did not object or ask for additional time to respond. *See Josenberger v. State*, 2010 Ark. App. 243 (affirming revocation on allegation not included in petition to revoke where appellant failed to object to the introduction of evidence on the unnamed allegation or the trial court's revocation on the unalleged violation). Because Wilder failed to object, we affirm the trial court's decision to revoke on the ground that Wilder violated the terms of her probation and suspended sentences by willful nonpayment of her financial obligations. We need not discuss the trial court's findings on the other alleged transgression because the violation of one condition is sufficient to support revocation. *Josenberger, supra.*

Affirmed.

VIRDEN and GLADWIN, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.