Cite as 2025 Ark. App. 110

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-24-398

| | | |
|---|---|---|
| KRYSTAL LEE | | Opinion Delivered February 26, 2025 |
| | APELLANT | |
| | | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NOS. 23CR-18-192, 23CR18-887, 23CR-18-938] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE CHARLES E. CLAWSON III, JUDGE |
| | | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Krystal Lee appeals from the Faulkner County Circuit Court's revocation of her suspended sentences. On appeal, Lee argues that the court erred by finding that she violated a condition of her suspended sentences. We affirm.

On January 10, 2019, Lee pled guilty to possession of a controlled substance and drug paraphernalia in CR-18-192, and she received 72 months' imprisonment and 108 months' suspended sentence. She also pled guilty to second-degree battery, false imprisonment, and theft of property in CR-18-887, and she received 72 months' imprisonment and 120 months' suspended sentence. She additionally pled guilty to possession of drug paraphernalia in CR-18-938, and she was sentenced to 108 months' suspended sentence. The court ordered the

sentences in all three cases to run concurrently. Condition 1 of Lee's suspended sentence included that she not violate local, state, or federal laws.

On August 11, 2023, the State moved to revoke Lee's suspended sentence in all three cases. It alleged that she had "violated condition 1 of [her] Conditions of Suspension by committing the new offense of Forgery 2nd Degree (Class C Felony) November 23, 2022."

On January 8, 2024, the court held a hearing. The parties informed the court that the State had also separately charged Lee with second-degree forgery. Lee asked the court to hold the revocation hearing and the bench trial together, and she waived her right to a jury trial.

On February 22, the court held the bench trial and revocation hearing together. Josh Helfer testified that he was the manager at Burger King on November 23, 2022, and that Lee tried to purchase food with a $100 counterfeit bill. He explained that Lee provided the counterfeit bill to the drive-thru cashier and that the cashier immediately alerted him.

Officer Lucas Babcock testified that on November 23, 2022, he responded to a complaint that a customer had tried to use a $100 counterfeit bill to purchase food at a Burger King. He stated that when he arrived at the Burger King, he met Lee and the Burger King manager. He said the Burger King manager gave him the counterfeit bill and that the bill was obviously fake due to its smaller size and texture. He further noted that the bill did not have a reflective strip or seal. Babcock asked Lee whether she had other counterfeit bills, and Lee admitted that she had another bill in her wallet. Babcock testified that the other bill was also counterfeit. The State introduced the two counterfeit bills into evidence.

After the State rested, Lee moved to dismiss. She argued that the State failed to prove that any transaction occurred, that the bill came from her, or that the bill was counterfeit. Lee additionally pointed out that the State had charged her with second-degree forgery and that second-degree forgery applies to a written instrument, not money. Lee thus asserted that the State had "not proven [its] case in relation to the charge document." The court denied the motion.

Lee testified that she obtained the $100 counterfeit bills from her former boyfriend, and she denied knowing the bills were fake. Following her testimony, Lee rested her case, and she renewed her motion to dismiss. She argued that the State did not prove its case, and she again pointed out that the "charging document itself says Forgery Second" and asserted that "this does not fall under the Forgery Second." The court again denied it.

The court found Lee guilty of second-degree forgery and that she violated her suspended sentence. The court deferred sentencing for a presentence investigation.

On March 4, the court held a sentencing hearing. At the beginning of the hearing, Lee renewed her motion to dismiss.[1] She argued that the felony information and revocation petition alleged that Lee had committed second-degree forgery but that the evidence pertained to counterfeit money, which constitutes first-degree forgery. The court took the issue under advisement.

---

[1]At the hearing, Lee referenced "a letter opinion" that she prepared for the court and the State, but the letter is not included in the record.

On March 15, the court reconvened, and it dismissed the underlying second-degree-forgery charge. The court subsequently clarified that it "found [Lee] not guilty at trial." However, the court maintained its finding that Lee had violated her suspended sentences. The court consequently revoked Lee's suspended sentences and sentenced her to 72 months' imprisonment in the Arkansas Division of Correction and 72 months' suspended sentence. Lee appeals the revocation of her suspended sentences.

In a revocation proceeding, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of her suspended sentence, and on appellate review, we do not reverse the circuit court's decision unless it is clearly against the preponderance of the evidence. *Flemons v. State*, 2014 Ark. App. 131; Ark. Code Ann. § 16-93-308(d) (Supp. 2019). Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for a suspended-sentence revocation. *Bradley v. State*, 347 Ark. 518, 65 S.W.3d 874 (2002). Since determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the circuit court's superior position. *Id.* Furthermore, the State need only prove that the appellant committed one violation of the conditions to revoke appellant's sentence. *Peals v. State*, 2015 Ark. App. 1, 453 S.W.3d 151.

On appeal, Lee argues that the circuit court erred by revoking her suspended sentences simply because the court dismissed the underlying charge for second-degree forgery. She points out that the State did not allege any other violations, and she thus claims

4

that after the circuit court dismissed the underlying charge, the court had no other basis to revoke. She argues that the State presented no evidence of wrongdoing.

We find no error by the circuit court. Even though the court dismissed the underlying charge for second-degree forgery, the State presented evidence that Lee had violated condition 1 of her suspended sentences. Condition 1 provides that Lee shall not violate local, state, or federal law. A person commits first-degree forgery if she forges a written instrument that is money. Ark. Code Ann. § 5-37-201(a)(b)(1) (Repl. 2013). Here, the State presented evidence that Lee used a counterfeit $100 bill to purchase food at Burger King. Thus, the circuit court did not err by finding that Lee violated her suspended sentences. Accordingly, we affirm the revocation.[2]

Affirmed.

BROWN, J., agrees.

HIXSON, J., concurs without opinion.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.

---

[2]We decline to address the issue of notice because Lee does not assert that the revocation petition did not provide her sufficient notice of the State's basis to revoke. *Wilder v. State*, 2021 Ark. App. 131.