Cite as 2025 Ark. App. 282

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-24-618

| | | |
|---|---|---|
| MICHAEL BULL | | Opinion Delivered May 7, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE CRAIGHEAD |
| | | COUNTY CIRCUIT COURT, |
| V. | | WESTERN DISTRICT |
| | | [NO. 16JCR-23-147] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE CHRIS THYER, JUDGE |
| | | AFFIRMED |

**BART F. VIRDEN, Judge**

Michael Bull appeals the Craighead County Circuit Court's decision revoking his suspended imposition of sentence (SIS), arguing that there is insufficient evidence to support the revocation. We affirm.

I. *Relevant Facts*

On July 10, 2023, Michael was sentenced to sixty months' SIS after pleading guilty to possessing between two and ten grams of methamphetamine. He was ordered to pay a $100 fine. The conditions listed in the SIS order included living a law-abiding life—specifically, that he not commit any offense punishable by imprisonment and refrain from drug use and possession.

On December 7, 2023, the State filed a petition for revocation asserting that Michael violated the terms of his SIS by incurring five new charges: possession of a controlled

substance—Schedule I/II, methamphetamine less than two grams; possession of drug paraphernalia; first-degree terroristic threatening; third-degree domestic battery; and second-degree false imprisonment.

At the revocation hearing, patrol officer Trevor Doepfer of the Jonesboro Police Department testified that on November 18, 2023, he responded to a call from Melody Bull's coworkers at McDonald's asking police to check on her. Officer Doepfer went to McDonald's and spoke with Melody, Michael Bull's wife of fifteen years. Officer Doepfer recalled that Melody looked as though she had been crying. Her eyes were red, and she had a black eye and a cut on her bottom lip. He stated that she looked like she had been "hit." Melody told Officer Doepfer that she had been outside talking on the phone, when Michael ordered her to go inside the house and then physically forced her back inside. An argument ensued, and Michael punched her face, causing her nose to bleed. Melody told Officer Doepfer that Michael threatened to drill screws into her legs. She calmed Michael down, and eventually he fell asleep. While he slept, Melody wrote a note to Michael stating that she wanted a divorce and left the house on foot. At that point, Melody called her former boss at McDonald's to come get her, and her former boss drove her to McDonald's. After taking Melody's statement, Officer Doepfer went to the Bull residence to speak with Michael. By the time he arrived, another officer had already handcuffed Michael, who was sitting on his bed. On the nightstand next to the bed Officer Doepfer saw a bong with burn marks and a white residue that was consistent with the appearance of burnt methamphetamine. Also on the nightstand, Doepfer saw several unused hypodermic needles and two hypodermic

needles containing a dark brown liquid. He did not field test the substance, but in his experience as a police officer, it appeared to be methamphetamine, and the needles were loaded in a way that is common with methamphetamine use. He testified that he was "90% certain" that the substance was methamphetamine, and the paraphernalia was used to ingest methamphetamine. Officer Doepfer and the other officers performed a full parole search and found a bag of needles in the television stand. No insulin or other injectable medication was found in the home.

Melody testified that she did not remember what happened on November 18, 2023; however, she did recall that she may have started an argument with Michael, then she left the residence on foot and called her former boss at McDonald's to pick her up. Melody was covered in blood when her former boss picked her up, and she asked Melody—who had been diagnosed with epilepsy two years earlier—if she had experienced a seizure. Melody testified that the medication she was taking for her epilepsy affected her mood and memory. She did not recall having a black eye and a cut lip that day, but she recounted other injuries she had sustained related to her epilepsy. The State asked Melody about her statements to police that Michael had struck her in the face, punched her in the eye, and threatened to drill screws into her leg after accusing her of having a sexual relationship with his brother. Though Melody remembered an officer coming to meet her at McDonald's about an hour after she arrived, she maintained that none of the statements she made to Officer Doepfer could be true because Michael would not do that, and she must have made a mistake. Melody denied that when she recanted her statement a few weeks before trial, she told the prosecutor that

3

she did not want her husband to go back to prison because of this. Melody agreed that her trial testimony was the first time she stated that the events did not occur. Melody did not remember any drugs or drug paraphernalia in their home and denied that any of it belonged to her. Melody then stated that if there was methamphetamine and drug paraphernalia in the house, it belonged to both her and Michael.

At the close of the State's evidence, Michael moved to dismiss the petition, and the motion was denied. He renewed his motion at the close of all evidence.

The court delivered its ruling from the bench, finding by a preponderance of the evidence that Michael inexcusably violated the terms of his probation by committing the crimes of terroristic threatening, third-degree domestic battery, false imprisonment, possession of methamphetamine, and possession of drug paraphernalia. The court found that Melody lacked credibility. The court also specifically addressed the drug-paraphernalia and drug-possession charges, finding that the testimony that there were syringes loaded with liquid methamphetamine and a bong next to Bull's bed supported the determination that Michael possessed both drugs and paraphernalia in violation of the terms of his SIS.

Michael was sentenced to ninety-six months' incarceration in the Arkansas Division of Correction (ADC) followed by twenty-four months' SIS. Michael timely filed his notice of appeal, and this appeal followed. On appeal, Michael challenges the sufficiency of the evidence that he violated his SIS by battering and threatening Melody and by possessing drugs and drug paraphernalia.

II. *Discussion*

4

In a revocation proceeding, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her suspension or probation, and on appellate review, we do not reverse the circuit court's decision unless it is clearly against the preponderance of the evidence. *Flemons v. State*, 2014 Ark. App. 131; Ark. Code Ann. § 16-93-308(d) (Supp. 2023). Because the determination of a preponderance of the evidence largely turns on credibility and the weight to be given testimony, this court defers to a circuit court's superior position in making credibility determinations. *Rhoades v. State*, 2010 Ark. App. 730, 379 S.W.3d 659. Evidence that is insufficient for a criminal conviction may be sufficient for a probation or suspended-sentence revocation. *Bradley v. State*, 347 Ark. 518, 65 S.W.3d 874 (2002). The rules of evidence do not apply in revocation hearings. Ark. R. Evid. 1101(b)(3) (2023). The State need only prove that the appellant committed one violation of the conditions to revoke appellant's sentence. *Peals v. State*, 2015 Ark. App. 1, 453 S.W.3d 151.

We focus our analysis on Michael's second point on appeal regarding possession of drug paraphernalia. Michael argues that the circuit court erred in finding that a preponderance of the evidence supported the ground that he had committed the offenses of possession of methamphetamine and possession of drug paraphernalia. Specifically, he asserts that neither field testing nor crime-lab testing was performed on the substances or paraphernalia, and no foundation was laid to show Officer Doepfer's expertise in the identification of drugs; therefore, Michael claims there is insufficient evidence that the needles were drug paraphernalia, and they could have had legitimate uses. Michael, however,

5

does not challenge the court's finding that the bong found on his nightstand next to his bed was drug paraphernalia.

A bong is drug paraphernalia according to Ark. Code Ann. § 5-64-101(12)(B)(xii)*(l)* (Supp. 2023). Michael's failure to challenge the court's finding regarding the bong is fatal to his argument. As stated above, the State does not have to prove every allegation in its petition, and proof of only one violation is sufficient to sustain a revocation. *Springs v. State*, 2017 Ark. App. 364, 525 S.W.3d 490. Accordingly, we need not address Michael's other arguments for reversal and affirm.

Affirmed.

HIXSON and BROWN, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Vada Berger*, Sr. Ass't Att'y Gen., for appellee.